UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN RINDNER, | ) |
| Plaintiff. | ) |
| vs. | ) Case No. 1:14-cv-00355-TSE/JFA |
| BESINS HEALTHCARE, INC. <br> BESINS HEALTHCARE NUTRITION, LLC <br> OLYMPIAN LABS, INC. <br> LASALLE LABORATORIES, INC. <br> BHR PHARMA, LLC <br> ASCEND THERAPEUTICS US, LLC, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT II AND COUNT III OF THE COMPLAINT**

Defendants Besins Healthcare, Inc., Besins Healthcare Nutrition, LLC, Olympian Labs, Inc., LaSalle Laboratories, Inc., BHR Pharma, LLC, and Ascend Therapeutics US, LLC ("Defendants"), by counsel, respectfully request that this Court enter an order dismissing Count II (Unjust Enrichment) and Count III (Maryland Wage Payment and Collection Law) of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state claims upon which relief can be granted. Alternatively, Defendants' request that the Court grant summary judgment in Defendants' favor and dismiss those counts of the Complaint.

The essence of Plaintiff's Complaint is that he entered into a written contract with certain of the Defendants and that the Defendants breached the contract by failing to pay certain post-termination payments. A copy of the August 1, 2010 engagement letter is attached to the

4810-6458-1914.3

Complaint (the "Contract").[1] Since this is an action at law for breach of contract, Plaintiff's equitable claim for quasi-contract or unjust enrichment, which specifically refers to the Contract, does not lie and should be dismissed. In addition, while Plaintiff asserts that Maryland law applies to the unjust enrichment and Wage Payment and Collection Law claims, Plaintiff is wrong. Virginia law applies. Therefore, the Maryland Wage Payment and Collection Law is not applicable.

For each of these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to Counts II and III.[2]

## I. INTRODUCTION AND REVIEW OF RELEVANT FACTS

At its core, Plaintiff's Complaint alleges breach of contract. He claims that he "signed a legal and enforceable agreement" which is attached as Exhibit A to the Complaint. (Compl. ¶ 1). He also claims that "Defendants terminated Plaintiff's engagement under the Contract" on or about January 31, 2013 (Compl. ¶ 5) and his allegations throughout the Complaint refer almost exclusively to his Contract claim. For example, he claims that the Contract provides for payment of a "Special Bonus," that he was entitled to the Special Bonus if Defendants terminated the Contract without cause, that he performed all of his duties during the course of the Contract, and that Defendants terminated the Contract and refused to honor it. (Compl. ¶¶ 7, 8, 9, 10, 11, 12). Plaintiff also includes allegations about negotiating the Contract, his compensation, including bonuses, under the Contract, and communications that he claims to have engaged in when the

---

[1] Defendants' reserve all challenges and defenses to the validity and enforceability of the August 1, 2010 engagement letter.

[2] Counsel for the Defendants contacted Plaintiff's counsel in writing on Wednesday, May 7 in accordance with Local Rule 7(E) to advise that Defendants planned to file a Motion to Dismiss Counts II and III on Monday, May 12. Defendant's counsel asked to meet and confer to narrow or eliminate the areas of disagreement and advised that the Defendants would reconsider their grounds for dismissal if Plaintiff's counsel had any relevant authorities to share and that he believed supported the claims in those two Counts. Plaintiff's counsel requested a response by the end of the week, Friday, May 9, and has received none from Plaintiff's counsel prior to filing this Motion.

Contract was terminated. (Compl. ¶¶ 28, 29, 30, 31, 32, 33, 35, 44, 45, 46, 47, 48, 50, 55, 58, 59, 62, and 63).

Plaintiff's Complaint also acknowledges that virtually all aspects of the relationship between Plaintiff and Defendants were based in Virginia. For example, Plaintiff concedes that the principal place of business for Defendants Besins Healthcare, Inc., Besins Healthcare Nutrition, LLC, LaSalle Laboratories, Inc., BHR Pharma, LLC, and Ascend Therapeutics US, LLC is in Herndon, Virginia.[3] Plaintiff also concedes that each of the Defendants transacts business in the Eastern District of Virginia and that "a substantial part of the acts or omissions that form the basis of this Complaint occurred" in the Eastern District of Virginia.

At the appropriate time, after a ruling upon this Motion, Defendants will respond to the material allegations of breach of contract and will assert defenses and counterclaims. However, the claims for unjust enrichment and for alleged violation of the Maryland Wage Payment and Collection Law fail to state claims upon which relief can be granted and should be dismissed. In the alternative, Defendants are entitled to summary judgment under Rule 56 and to the dismissal of Counts II and III based on the attached Affidavit.[4]

## II. STANDARD OF REVIEW

A court should dismiss a claim pursuant to a Fed.R.Civ.P. 12(b)(6) motion to dismiss unless the facts alleged in the Complaint "state a plausible claim for relief" and "are sufficient to raise a right to relief above the speculative level." *Walters v. McMahen*, 684 F.3d 435, 439 (4th

---

[3] The remaining Defendant, Olympian Labs Inc., has its principal place of business in Phoenix, Arizona.

[4] Pursuant to Fed.R.Civ.P. 12(d), Defendant's Motion can be treated as a motion for summary judgment since Defendants have provided a limited Affidavit to address one material fact that is not set forth in the Complaint. If the Court considers Defendant's Motion to be one for summary judgment pursuant to Fed.R.Civ.P. 56, Defendants assert that there is no dispute of material fact about the Contract having been signed by both parties in Virginia and that Defendants are entitled to judgment as a matter of law with respect to the dismissal of Counts II and III.

Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court enunciated a "two-step test" in *Iqbal* for determining whether a claim survives dismissal:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.

*Iqbal*, 556 U.S. at 663-64 (internal citations omitted). Therefore, in undertaking its review of the pleadings, "[a] court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth." *Craighead v. Nissan Motor Acceptance Corp.*, No. 1:10-CV-981, 2010 WL 5178831, at *2 (E.D. Va. Dec. 14, 2010), aff'd, 425 F. App'x 197 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

## III. PLAINTIFF'S CLAIMS ARE GOVERNED BY VIRGINIA LAW

A federal court exercising diversity jurisdiction, as Plaintiff requests here, must apply the substantive law of the state in which it sits. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78-79 (1938). Choice of law is a substantive matter and, therefore, federal courts sitting in diversity must apply the choice of law rule of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623-24 (4th Cir. 1999). It follows that Virginia's choice of law rules must be applied in this case.

It is a long-standing rule in Virginia that "the nature, validity and interpretation of contracts are governed by the law of the place where [the contract was] made…." *C.I.T. Corp. v. Guy,* 170 Va. 16, 22 (1938); *see also Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390, 395

4

(Va. 2006) (citing *Woodson v. Celina Mut. Ins. Co.*, 211 Va. 423, 426 (1970) ("the law of the place where the contract was formed applies when interpreting the contract and determining its nature and validity.")). The contract is said to have been "made" or "formed" in the place where "the final act necessary to make the contract binding occurs." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000); *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005). In other words, Virginia courts apply the law of the place where the contract was executed. *Black v. Powers*, 48 Va. App. 113, 128 (Va. Ct. App. 2006). In this case, the Contract was signed by both parties at Defendants' headquarters in Herndon, Virginia. Affidavit of Jay Bua, ¶ 3.[5] Therefore, Virginia law governs this dispute.

There are three narrow exceptions to the general rule that Virginia courts apply the law of the place where the contract was executed. None are applicable here. The first exception applies when the parties expressly intended that the law of a specific jurisdiction would govern the validity of the contract. *C.I.T. Corp.*, 170 Va. at 22. The parties did not include a choice of law provision in the Contract; therefore, this potential exception does not apply.

The second exception applies when the parties sign the contract in one jurisdiction, but intend that the contract will be fully performed in another. *East West, LLC v. Rahman*, 896 F. Supp. 2d 488, 511 (E.D. Va. 2012); *Erie Ins. Exch. v. Shapiro*, 248 Va. 638, 640 (1994). Recognizing that Virginia law will apply, Plaintiff has attempted to assert allegations consistent with this exception by claiming (only in Count III) that the "Contract contemplates Plaintiff executing a substantial part of his duties from his home office in Potomac, Maryland."

---

[5] Mr. Bua's Affidavit is attached to this Memorandum as Exhibit 1.

(Complaint ¶ 87.)[6]  However, Plaintiff's assertion contradicts the language in the engagement letter that he seeks to enforce where the parties agreed that:

> You shall be entitled to an office and administrative support at the Company's headquarters which are currently located at 607 Herndon Parkway, Herndon, VA, but it is understood that you may work remotely and from other offices.

Quite clearly, the only specific reference to where Plaintiff would work is Virginia and the Contract does not say that Plaintiff would work from a home office in Potomac Maryland.  In fact, the only reference to Maryland in the Contract is Plaintiff's mailing address at a P.O. Box.  Thus, Plaintiff's allegation is not plausible.  More importantly, his allegation does not change the choice of law analysis that Virginia law applies because the law of the state where the contract was made (Virginia) remains the rule even if the contract was intended to be performed in two or more states.  *See Tharpe v. Lawidjaja*, 6:12-CV-00039, 2014 U.S. Dist. LEXIS 42266, at *97-99 (W.D. Va. Mar. 26, 2014); *East West, LLC*, 896 F. Supp. 2d at 511 (applying Virginia law to a contract executed in Virginia despite significant performance and one party's principle place of business in Washington, D.C.).  Therefore, even if Plaintiff's assertion about his planning to work from home is plausible, the Contract establishes, at a minimum, that the parties intended that Plaintiff would also work at company headquarters in Virginia and elsewhere.  Accordingly, Plaintiff's obvious effort to do an end-run around Virginia law must fail.

The third exception only applies if the substantive law of the jurisdiction where the contract was executed is contrary to Virginia public policy.  *Willard v. Aetna Cas. & Sur. Co.*, 213 Va. 481, 483 (1973).  This exception is also clearly not applicable, as the contract was executed in Virginia.  In short, because the Contract was executed in Virginia, and all of

---

[6] While Plaintiff alleges in Count II that Maryland law applies to the unjust enrichment claim, he makes no effort to explain why.

4810-6458-1914.3

plaintiff's claims stem from the termination of his employment, which occurred in Virginia, Virginia law governs this dispute as a matter of law.

## IV. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION IN COUNT II FOR UNJUST ENRICHMENT AND COUNT III FOR VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

The Complaint consists of three counts—Count I (Breach of Contract), Count II (Unjust Enrichment) and Count III (Maryland Wage Payment and Collection Law). As explained below, Count II and III are immediately ripe for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, for dismissal through summary judgment based on Mr. Bua's Affidavit. Plaintiff fails to state a claim upon which relief can be granted in Count II (Unjust Enrichment) because this matter is a breach of contract claim at law pursuant to a written contract which Plaintiff has attached to the Complaint. For that reason, Plaintiff is precluded as a matter of law from pursuing a quasi-contract claim for unjust enrichment. Count III (Maryland Wage Payment and Collection Law) also fails to a state claim upon which relief can be granted because Virginia law governs this dispute. The Contract was executed in Virginia and Plaintiff does not allege any basis for the application of a Maryland statute.

### A. Plaintiff's Unjust Enrichment Claim Must be Dismissed Because He Claims that a Written Contract Governs the Dispute

Plaintiff seeks damages for breach of a written contract. Therefore, he cannot also allege an equitable quasi-contract claim based on the same alleged facts. "Where a contract governs the relationship between the parties, the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie." *U.S. ex rel. Badr v. Triple Canopy, Inc.*, No. 1:10-CV-288, 2013 WL 3120204, at *15 (June 19, 2013) (citing *WRH Mortg., Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000)). *See also Southern Biscuit Co., Inc. v. Lloyd*, 174 Va. 299, 311 (1940) ("[i]t has been well settled by repeated decisions of this court that an express contract defining

the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter. The rights of the parties are to be determined by the provisions of the express contract, and the law will not imply an agreement in contravention thereof."). "The law will not impose an implied contractual relationship upon parties in contravention of an express contract." *Nedrich v. Jones*, 245 Va. 465, 477 (1993) (citing *Royer v. Bd. of County Supervisors*, 176 Va. 268, 280 (1940)).

On its face, the Complaint confirms that the parties dispute is governed by the Contract. Plaintiff states that he "signed a legal and enforceable agreement supported by adequate consideration with Defendants to, among other duties, lead Defendants' nutrition business in the United States." (Compl. ¶ 3). Plaintiff also claims that the dispute arose when "Defendants terminated Plaintiff's engagement under the Contract." (Compl. ¶ 4). Plaintiff also refers to the Contract in Count II. (Compl. ¶¶ 77-84). Moreover, Plaintiff seeks the exact same compensatory damages in Count II, determined based on the purported formula for compensation allegedly due under the Contract, as he seeks in Count I. In short, Plaintiff's unjust enrichment claim is merely a breach of contract claim dressed up as an equitable claim. Plaintiff alleges that the Contract governs the parties' dispute and his entitlement to post-termination payments; therefore, Virginia law bars the Count II unjust enrichment claim. Accordingly, Count II should be dismissed with prejudice.

    **B.    Plaintiff's Maryland Wage Payment And Collection Law Claim (Count III) Must Be Dismissed Because Virginia Law Governs This Dispute**

Plaintiff alleges in Count III that Defendants violated Maryland's Wage Payment and Collection Law (the "MWPCL"), Md. Code Ann., Lab. & Empl. §3-501, *et seq*. However, because Virginia law governs the issues before the court, the MWPCL does not apply and Count III must be dismissed.

8

When the law of another state governs an employment contract, a claim brought under the MWPCL does not stand. *See, e.g.*, *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464 (4th Cir. 2011) (upholding lower court's dismissal of plaintiff's MWPCL claim when employment contract was governed by New Jersey law); *Sedghi v. PatchLink Corp.*, 2010 U.S. Dist. LEXIS 103698, at *13-16 (D. Md. Sept. 30, 2010) (granting defendant's summary judgment as to Plaintiff's MWPCL claim because the application of Arizona law made the MWPCL "not applicable in this case"); *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 37-39 (S.D.N.Y. 2010) (dismissing MWPCL claims after determining through choice of law analysis that Maryland law did not govern the dispute); *Yeibyo v. E-Park of DC, Inc.*, 2008 U.S. Dist. LEXIS 4988, at *12 (D. Md. Jan. 18, 2008) (same); *Taylor v. Lotus Dev. Corp.*, 906 F. Supp. 290, 297-98 (D. Md. 1995) (holding that "the Wage Law's remedial provisions are unavailable to [plaintiff]" because Massachusetts law applied).

In *Kunda*, the court noted that the public policy behind the MWPCL was not sufficiently strong or fundamental to overcome the court's and the parties' choice of New Jersey law. *Id.* at 468-69. Moreover, the fact that the MWPCL could have been more favorable to the plaintiff than the comparable New Jersey statute did not persuade the *Kunda* court to disregard applicable choice of law principles. *Id.* at 469. Virginia has a comparable wage statute,[7] but Plaintiff has ignored it.

In short, courts have consistently found that application of non-Maryland state law to an employment contract necessitates dismissal of an MWPCL claim. *See, e.g.*, *Kunda*, 671 F.3d at 464; *Sedghi*, 2010 U.S. Dist. LEXIS 103698, at *13-16; *Taylor*, 906 F. Supp. at 297-98. Since Virginia choice of law principles govern Plaintiff's claims and since those principles dictate that Virginia law applies, the same result—dismissal of the MWPCL claim—should occur.

---

[7] Virginia's wage payment law is codified at Va. Ann. Code, section 40.1-29.

9
4810-6458-1914.3

## V. LISTING OF UNDISPUTED MATERIAL FACTS

The following undisputed facts are material to Defendants' Motion and to the grounds for dismissal of Counts II and III.

1. The August 1, 2010 engagement letter between Besins Healthcare, Inc. and its subsidiaries and Plaintiff, attached as Exhibit A to Plaintiff's Complaint, was signed by both parties in Herndon, Virginia at the offices of Besins Healthcare, Inc. at 607 Herndon Parkway, Herndon, Virginia 20170. (Aff. of Jay Bua, ¶ 3).

2. The Contract attached to the Complaint recites that Plaintiff "shall be entitled to an office and administrative support at the Company's headquarters, which are currently located at 607 Herndon Parkway, Herndon, VA, but it is understood that you may work remotely and from other offices."

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Rule 12(b)(6) motion to dismiss or, alternatively, its summary judgment motion and enter the enclosed order dismissing Count II and Count III of the Complaint with prejudice.

Dated: May 12, 2014                                    Respectfully submitted,


                                                       By:   /s/  Erik F. Benny
                                                       Erik F. Benny (VSB No. 83650)
                                                       Paul R. Monsees (*pro hac vice* application pending)
                                                       Foley & Lardner LLP
                                                       Washington Harbour
                                                       3000 K Street, NW Suite 600
                                                       Washington, DC 20007-5109
                                                       Telephone: 202.295.4144
                                                       Fax: 202.672.5399

                                                       *Counsel for Defendants*