IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEVEN RINDNER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:14-cv-00355-TSE/JFA |
| | ) |
| BESINS HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND DEFENSES**

Defendants, Besins Healthcare, Inc. ("Besins Healthcare"), Besins Healthcare Nutrition, LLC ("Pure Matters"), Olympian Labs, Inc. ("Olympian Labs"), LaSalle Laboratories, Inc.,[1] BHR Pharma, LLC, and Ascend Therapeutics, LLC (collectively, the "Defendants") respond to the breach of contract allegations in the Civil Complaint and Demand for Jury Trial as follows.[2]

GENERAL DEFENSES

First Defense

Plaintiff fails to state claims in the Complaint upon which relief can be granted.

Second Defense

Plaintiff's breach of contract claim is barred by Plaintiff's own misconduct.

---

[1] LaSalle Laboratories, Inc. is not a subsidiary of Besins Healthcare, Inc. and, therefore, is not a party to any Contract with Plaintiff. The assertion of defenses and responses to the allegations in the Complaint by LaSalle Laboratories, Inc. shall not be deemed to be a waiver of that position and LaSalle Laboratories, Inc. reserves the right to seek dismissal of the claim against it through an appropriate motion.

[2] Counts II and III were dismissed per the Court's June 6, 2014 Order.

Third Defense

Plaintiff's breach of contract claim is barred by the doctrine of estoppel.

Fourth Defense

Plaintiff's breach of contract claim is barred by Plaintiff's own material breach of contract.

Fifth Defense

Plaintiff's breach of contract claim is barred by Plaintiff's breaches of fiduciary duty and other intentional misconduct.

The Defendants respond to the specific allegations in the Complaint as follows.  To the extent not expressly admitted, the allegations are denied.

1. Defendants neither admit nor deny the allegations in paragraph 1 because they do not make factual allegations relating to Plaintiff's claims, except that Defendants deny that Plaintiff brings claims for breach of the Maryland Wage Payment and Collection Law and for unjust enrichment because those claims have been dismissed.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

3. Defendants admit that Plaintiff signed an August 1, 2010 engagement letter, but deny that the document attached to the Complaint is complete. The terms of the engagement letter speak for itself.  Defendants deny the remaining allegations.

4. Defendants admit that Plaintiff took over duties from the departed general manager of Olympian Labs during or after August 2010 and that Plaintiff functioned as the CEO of Olympian Labs and Pure Matters at points thereafter.  Defendants also admit that Plaintiff

performed consulting services for Olympian Labs and Pure Matters. Defendants also admit that Plaintiff performed isolated consulting services for certain of the other Defendants.

5. Defendants admit that Plaintiff's employment by Olympian Labs and Pure Matters was terminated for cause on or around January 24, 2013. The remainder of the allegations are denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

6. Defendants admit that Mr. Bua may have said that "blood is thicker than water" at some point during the term of Plaintiff's engagement. The remainder of the allegations are denied.

7. Defendants neither admit nor deny the allegations because they attempt to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

8. Defendants neither admit nor deny the allegations because they attempt to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

9. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

10. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

11. The first sentence is denied. The second sentence is admitted to the extent of expenses that Defendants dispute. Defendants also deny that the "Contract" attached to the Complaint is complete.

12. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

### The Parties

13. Admitted, on information and belief.

14. Admitted.

15. Admitted, except that Besins Healthcare Nutrition, LLC is no longer an active entity.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied with respect to Defendant, LaSalle Laboratories, Inc. The remainder of the allegation is admitted.

### Non-Parties

21. Defendants neither admit nor deny the allegations in paragraph 21 because they do not make factual allegations relating to Plaintiff's claim.

22. Defendants neither admit nor deny the allegations in paragraph 22 because they do not make factual allegations relating to Plaintiff's claims.

23. Defendants neither admit nor deny the allegations in paragraph 23 because they do not make factual allegations relating to Plaintiff's claims.

24. Defendants neither admit nor deny the allegations in paragraph 24 because they do not make factual allegations relating to Plaintiff's claims.

4813-2656-5915.2

Jurisdiction and Venue

25.  Jurisdiction is admitted.

26.  Venue is admitted.

Factual Background

27.  Defendants admit that Plaintiff had conversations with Jay Bua starting in approximately June 2010 about Plaintiff taking on the responsibility to execute a business plan for Pure Matters.  The remainder of the allegations are denied.

28.  Defendants admit that Plaintiff and Jay Bua discussed terms by which Plaintiff would be engaged as a consultant by Pure Matters.  Defendants also deny that the "Contract" attached to the Complaint is complete.

29.  Denied.

30.  Denied.  Defendants also deny that the "Contract" attached to the Complaint is complete.

31.  Denied.

32.  Defendants admit that Jay Bua signed the engagement letter attached to the Complaint.  Defendants also deny that the "Contract" attached to the Complaint is complete.

33.  Defendants neither admit nor deny the allegations because they attempt to characterize a legal document which speaks for itself.  Defendants also deny that the "Contract" attached to the Complaint is complete.

34.  Denied.

35.  Denied.  Defendants also deny that the "Contract" attached to the Complaint is complete.

36. Defendants admit that Olympian Labs' revenue increased to approximately $7.5 million in 2011 and then declined in 2012.

37. Defendants admit that Plaintiff was engaged to implement the Pure Matters business plan.

38. The first sentence is admitted. The Defendants admit that Mr. Bua and Mr. Grunfeld praised Plaintiff on occasion based on the belief that he was accurately describing Pure Matters' performance.

39. Denied.

40. Denied.

41. Defendants admit that there were discussions about Plaintiff acting as a mentor in certain respects for Nicolas Besins and David Besins. The remainder of the allegations are denied.

42. To the extent that the allegation characterizes the terms of the engagement letter, Defendants neither admit nor deny the allegations in paragraph 42 because they attempt to characterize a legal document which speaks for itself. The remainder of the allegations are denied, including that the "Contract" attached to the Complaint is complete.

43. Denied.

44. Defendants admit that Plaintiff was paid $8,400 per month as a consultant for Olympian Labs starting in September 2010. The remainder of the allegation is denied.

45. Defendants deny that Plaintiff's job duties included to open an office in New York City for Nicolas Besins. To the extent that the allegations characterize the engagement letter, the Defendants neither admit nor deny the allegations because they merely characterize a legal document which speaks for itself. The remainder of the allegations are denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendants neither admit nor deny the allegation which respect to the purported approval of invoices because it is unclear which "invoices" are being referred to. The remainder of the allegation is denied.

50. Defendants admit that Mr. Bua approved a bonus for 2011.

51. Denied.

52. Defendants lack knowledge or information sufficient to form a believe about the truth of the allegations, except they deny that Mr. Bua gave the instruction alleged.

53. Defendants admit that Olympian Labs' records reflect payments at the rate of $100,800 as of January 2011, but deny that Rindner was on the Olympian Labs' payroll in January 2011. The remainder of the allegation is denied.

54. Defendants admit that Rindner was paid pursuant to the engagement letter by Olympian Labs and Pure Matters. Rindner was separately engaged for a limited project by La Salle Laboratories, Inc., which was not pursuant to the engagement letter. The remainder of the allegation is denied.

55. Defendants admit that Plaintiff's employment was terminated on January 24, 2013. The remainder of the allegation is denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

56. Denied.

57. Denied.

58. Defendants neither admit nor deny the allegations because they seek to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

59. Defendants neither admit nor deny the allegations because they seek to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

60. Defendants admit that Rindner was paid more than the amounts agreed to in the engagement letter. To the extent that the allegations seek to characterize the engagement letter, Defendants neither admit nor deny the remainder of the allegations because they seek to characterize a legal document which speaks for itself.

61. Denied.

62. Defendants neither admit nor deny the allegations because they seek to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

63. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

64. Defendants admit that Plaintiff submitted expenses for reimbursement, but deny that the request was for appropriate business expenses.

65. Defendants admit that Plaintiff submitted expenses for reimbursement, but deny that the request was for appropriate business expenses.

66. Denied.

### Count I – Breach of Contract

67. Defendants incorporate their responses to paragraphs 1 through 66 above as if restated in response to paragraph 67.

68. Defendants neither admit nor deny the allegations because they seek to characterize a legal document which speaks for itself except that they admit that Plaintiff signed the engagement letter on August 1, 2010. Defendants also deny that the "Contract" attached to the Complaint is complete.

69. Defendants neither admit nor deny the allegation because it states a legal conclusion. Defendants also deny that the "Contract" attached to the Complaint is complete.

70. Defendants admit that Mr. Bua signed the engagement letter, but deny that the "Contract" attached to the Complaint is complete.

71. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

72. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

73. Denied.

74. Denied. Defendants also deny that the "Contract" attached to the Complaint is complete.

75. Defendants neither admit nor deny the allegations because they seek to characterize a legal document which speaks for itself. Defendants also deny that the "Contract" attached to the Complaint is complete.

76. Denied.

Having fully answered the allegations for breach of contract in the Complaint and denied all liability, Defendants respectfully request that the Complaint be dismissed with prejudice and that Defendants be awarded all costs incurred in connection with asserting its defenses and in defending Plaintiff's claims.  Defendants also reserve the right to amend their responses and to include additional affirmative defenses or other information if circumstances and information learned in discovery warrant doing so.

Respectfully submitted,


Dated:  June 20, 2014                                                   Respectfully submitted,


By:   /s/  Erik F. Benny_____
Erik F. Benny (VSB No. 83650)
Paul R. Monsees (admitted *pro hac vice*)
Foley & Lardner LLP
Washington Harbour
3000 K Street, NW Suite 600
Washington, DC 20007-5109
Telephone: 202.295.4144
Fax: 202.672.5399

*Counsel for Defendants/Counterclaim-Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2014, I caused the foregoing **ANSWER AND DEFENSES** to be filed with the CM/ECF system, which will send a Notice of Electronic Filing (NEF) upon the following counsel of record for Plaintiff:

>Bernard J. DiMuro, Esq. VSB #18784
>Miles Jarrad Wright, Esq. VSB #68814
>DiMuroGinsberg, PC
>1101 King Street, Suite 610
>Alexandria, VA 23314
>Telephone: (703) 684-4333
>Facsimile: (703) 548-3181
>Email: bdimuro@dimuro.com
>Email: mjwright@dimuro.com

>By: /s/ Erik F. Benny
>*Counsel for Defendants/Counterclaim-Plaintiffs*